WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darryl D. Johnson, | No. CV-17-04473-PHX-GMS (ESW) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

**TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT COURT JUDGE:**

In December 2017, Arizona state prisoner Darryl D. Johnson ("Petitioner") filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus" (Doc. 1) (the "Petition").[1] On February 23, 2018, Petitioner filed a "Motion for Release of a Prisoner in a Habeas Corpus Proceedings" (Doc. 14). Respondents oppose the Motion. (Doc. 16). For the reasons explained below, the undersigned recommends that the Court deny Petitioner's Motion (Doc. 14).

## I. DISCUSSION

The Ninth Circuit has not resolved whether a federal district court has the authority to release a state prisoner pending the resolution of a habeas proceeding. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (declining to resolve the issue as to whether

---

[1] The Petition became fully briefed on February 26, 2018. (Docs. 1, 11, 15).

a district court has the authority to release a state prisoner on bail pending resolution of habeas proceedings in extraordinary cases). Yet even if a district court does have the authority to release a state prisoner while a habeas proceeding is pending, such authority is "reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989). "Special circumstances" include a habeas petitioner's "serious deterioration of health while incarcerated, and unusual delay in the appeal process," *Salerno v. United States*, 878 F.2d 317 (9th Cir. 1987), or situations where "the sentence was so short that if bail were denied and the habeas petition were eventually granted, the defendant would already have served the sentence," *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992).

In support of his Motion (Doc. 14), Petitioner states that (i) he "is in need of counsel"; (ii) "does not have access to law library or any form of legal assistance"; (iii) "has a better chance to be granted a fair and impartial trial by being released from custody"; and (iv) "has a stable home environment that is crime free," including an employed spouse with a stable income. (*Id.* at 2). Petitioner also asserts that he will have a stable income upon his release. (*Id.* at 2-3). It is noted that the Court previously denied Petitioner's request for the appointment of counsel. (Docs. 8, 13). It is also noted that Petitioner's Reply (Doc. 15) to Respondents' Limited Answer (Doc. 11) contains legal arguments and citation to legal authority. Finally, Petitioner is not scheduled to be released from prison until 2021; he is serving an eight-year flat time sentence that was imposed in 2013.[2] (Doc. 1 at 1-2). The undersigned finds that even if the Court does have authority to release Petitioner pending resolution of the Petition, Petitioner has not shown that his is an extraordinary case involving special circumstances or a high probability of success. It is therefore recommended that the Court deny Petitioner's Motion (Doc. 14).

---

[2] The Arizona Department of Corrections' online inmate database, https://corrections.az.gov/public-resources/inmate-datasearch, indicates that Petitioner's release date is April 8, 2021.

- 2 -

## II. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court deny Petitioner's "Motion for Release of a Prisoner in a Habeas Corpus Proceedings" (Doc. 14).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. However, pursuant to Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 26th day of April, 2018.

Eileen S. Willett
United States Magistrate Judge