**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darryl D. Johnson,<br>　　　　Petitioner,<br>v.<br>Charles L. Ryan, et al.,<br>　　　　Respondents. | No. CV-17-04473-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Eileen Willet's Report and Recommendation on the merits of the petition ("R&R") (Doc. 24).

## BACKGROUND

Because no party has objected to the procedural background as set forth in the R&R, the Court adopts the background as an accurate account. (Doc. 24 at 1-2). Magistrate Judge Willett recommends that Johnson's Petition be denied. (Doc. 24 at 7). Johnson objected to the conclusions of the R&R, arguing that Judge Willett incorrectly determined that the petition was meritless. (Doc. 25 at 3). But because the R&R correctly analyzed Bastian's claims, his petition for habeas corpus will be denied.

## DISCUSSION

**I.　Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any

review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**II.    Analysis**

   **1.    Grounds One and Two of the Petition Are Meritless**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244 *et seq*.

When reviewing habeas claims previously raised in state court, a federal court may not grant habeas relief unless the state's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1); *see Robertson v. Pichon*, 849 F.3d 1173, 1182 (9th Cir. 2017). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal citations and quotations omitted). Review of a prior state court decision under 2254(d)(1) by a federal court is limited to the record "before the state court that adjudicated the claim on the merits." *Id*. "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015).

The parties agree that the claims that Johnson asserts in his petition for habeas corpus are not procedurally defaulted or otherwise barred. So the Court will analyze whether Johnson has met the high threshold for relief under AEDPA.

Johnson asserts that his trial counsel was ineffective because he failed to "properly explain the plea offer to Petitioner or show the plea offer to Petitioner made by the state prosecutor which caused the Petitioner not to act or accept the plea offer which he would

have accepted. . ." (Doc. 1 at 6). Johnson previously made this argument in his first post-conviction relief proceeding, where the post-conviction relief trial court ("PCR trial court") held an evidentiary hearing. (Doc. 23-1, 23-2). The trial court heard testimony from Johnson, his trial attorney, and the state prosecutor, and decided that Johnson's testimony was not credible. Ground Two of Johnson's Petition challenges this credibility determination. The post-conviction relief trial court dismissed the proceeding, and the Arizona Court of Appeals affirmed in an unexplained decision (Doc. 11-1 at 17-22). When evaluating claims previously brought in state courts under AEDPA, courts "look through" to the last-reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991). So the analysis here will focus on the state PCR trial court's decision.

To succeed on an ineffective assistance of counsel claim under *Strickland*, a petitioner must show (1) that his counsel's representation fell below an objective standard of reasonableness and (2) that the failure prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 132 S.Ct. 1376, 1387 (2012). Failing to communicate a plea offer to a client is deficient performance under *Strickland* as a matter of law. *United States v. Blaylock*, 20 F.3d 1458, 1466 (9th Cir. 1994). To succeed on his petition, Johnson must either demonstrate that the PCR trial court made an unreasonable determination of the facts in light of the record or unreasonably applied *Strickland*. *See Robertson,* 849 F.3d at 1182.

In evaluating the credibility of the witnesses, this Court may not "re-determine credibility of witnesses whose demeanor has been observed by the state trial court." *Aiken v. Blodgett*, 921 F.2d 214, 217 (9th Cir. 1990). And "[w]here there are two permissible views of the evidence, a fact finder's choice cannot be clearly erroneous." *Cooper v. Brown*, 510 F.3d 870, 919 (9th Cir. 2007).

At the PCR trial hearing, Johnson's trial counsel testified that he informed Johnson of the plea bargain and its terms, which would have allowed Johnson to serve a prison sentence of 2.5-3 years. (Doc. 23-1 at 122-123). Johnson's trial counsel was explicit about

the risk of declining the plea bargain, he testified that he told Johnson "it's not going to get any better. . . if we go to trial, you're going to be found guilty." (*Id.* at 148). He further testified that Johnson told him, "I prayed to God, and God told me not to take [the plea deal]," and that Johnson would "rather go to trial because that would be consistent with what my prayers—answers to my prayers." (*Id.*). In its decision, the PCR trial court found the testimony of Johnson's trial counsel credible, and Johnson's testimony not credible. The PCR trial court reasoned that Johnson's testimony had many inconsistencies with his filings and was generally not believable. (Doc. 11 Ex. C at 5, 6). This is not an unreasonable determination of the facts considering the evidence presented to the PCR trial court.

Given the PCR trial court's factual determinations, the decision did not involve an unreasonable application of *Strickland*. These determined facts demonstrate that Johnson's trial counsel informed him of the plea deal and urged him to take it. (Doc. 23-1 at 148). Indeed, the factual determinations show that Johnson explicitly chose to decline the plea deal after it was explained to him. While failing to explain or notify a defendant of a plea deal may constitute deficient performance under *Strickland*, the record demonstrates that Johnson was informed of the plea deal and the risk of declining it.

## CONCLUSION

Because the R&R correctly determined that Johnson's claims are meritless, this Court will accept the R&R and deny Johnson's Petition. And because the Court finds that Johnson's Petition is meritless, his request for release is denied as moot.

**IT IS THEREFORE ORDERED** accepting Magistrate Judge Willett's R&R (Doc. 24).

**IT IS FURTHER ORDERED** that the Petitioner's Petition for the Writ of Habeas Corpus (Doc. 1) is **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Release (Doc. 14) is **DENIED AS MOOT**.

| | |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). |
| 5 | **IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly. |
| 7 | Dated this 20th day of December, 2018. |

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge